Filed 11/14/25  In re D.D. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re D.D., et al., Persons Coming Under the Juvenile Court Law. | B345513 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>O.M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 22LJJP00242-ABC) |

APPEAL from an order of the Superior Court of Los Angeles County, Donald A. Buddle, Jr., Judge.  Conditionally reversed and remanded with directions.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Neomy Assistant County Counsel, and Kelly G. Emling, Deputy County Counsel, for Plaintiff and Respondent.

_____

## SUMMARY

Octavya M. (Mother) has three children: D.D. (12 years old), N.M. (eight years old), and K.M. (three years old). The juvenile court terminated parental rights for the children, thus allowing the Los Angeles County Department of Children and Family Services (DCFS) to find suitable adoption placements. Mother now asks us to conditionally reverse and remand due to DCFS's inadequate inquiry into whether the children have Native American heritage, as the Indian Child Welfare Act (ICWA) requires. DCFS concedes error, and the children's fathers are not parties to this appeal. We agree that the juvenile court erred in finding that DCFS's initial ICWA inquiry was adequate and proper and there was no reason to know or believe that the children were subject to ICWA. Accordingly, we conditionally reverse and remand with instructions to conduct an adequate ICWA inquiry.

### FACTUAL AND PROCEDURAL BACKGROUND

The parties do not dispute the facts underlying the ICWA inquiry, and we briefly summarize the proceedings for context.

In June 2022, DCFS petitioned for an order declaring the three children dependents of the court. In January 2023, the juvenile court sustained the petition based on domestic violence between Mother and Kenneth W. (K.M.'s alleged father), Kenneth's substance abuse, Mother's violent behavior, and Mother's prior domestic violence with Deandre D. (D.D.'s presumed father) a decade earlier, which had resulted in past dependency proceedings for D.D. (Welf. & Inst. Code, § 300, subds. (a), (b) & (j).)[1] The court removed the children from their

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

parents, denied reunification services for Mother and Deandre, and ordered reunification services for Kenneth. DCFS had not then identified or located N.M.'s father, who was later alleged to be Jimouri W. Later that year, the court terminated reunification services for Kenneth, and Jimouri declined to participate in the proceedings. In March 2025, the court terminated all parental rights for the children, finding by clear and convincing evidence that the children would likely be adopted. Mother timely appealed.

The ICWA inquiry as to Mother was as follows. Maternal grandmother denied Indian ancestry in 2022 and 2024. Mother's parental notification form stated that the children did not have Native American heritage. At hearings from 2022 through 2025, the court found no reason to believe ICWA applied to Mother.

The ICWA inquiry as to father Deandre for D.D. was as follows. Deandre's counsel indicated he had no Native American heritage in January 2023. Two months later, DCFS reported that Deandre did not participate in an ICWA interview. Nevertheless, D.D.'s adoption assessment indicated that D.D. had Blackfeet ancestry, though the record does not disclose where that information came from. At hearings from 2023 through 2025, the court found no reason to believe ICWA applied to Deandre.

The ICWA inquiry as to father Jimouri for N.M. was as follows. Jimouri's mother denied Native American ancestry. Jimouri later told DCFS that he believed he had Native American ancestry on his maternal side. At hearings from 2023 through 2025, the court found no reason to believe ICWA applied to Jimouri.

Finally, the ICWA inquiry as to father Kenneth for K.M. was as follows.  Kenneth twice told DCFS workers that his Mother's deceased parents had been registered with the Cherokee tribe.  One of Kenneth's sisters later reported no Native American heritage to DCFS.  DCFS argued that without readily available relatives to confirm any Native American heritage and given Kenneth's failure to file a parental notification form, the court should find that ICWA does not apply.  At hearings from 2023 through 2025, the court found no reason to believe ICWA applied to Kenneth.

## DISCUSSION

DCFS has "an affirmative and continuing duty to inquire whether a child for whom a [dependency] petition . . . has been filed, is or may be an Indian child."  (§ 224.2, subd. (a).)  At the initial inquiry stage, DCFS workers must ask "extended family members" about whether the child may be an Indian child.  (§ 224.2, subd. (b)(1).)  If the initial inquiry establishes a "reason to believe" that a child is an Indian child, then DCFS "shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable."  (§ 224.2, subd. (e).)  If that further inquiry then establishes a reason to know that the child is an Indian child, ICWA's formal notice requirements apply.  (§ 224.3.)  These duties continue throughout the dependency proceedings.  (Cal. Rules of Court, rule 5.481(a)(5).)

Mother specifically alleges that the ICWA inquiry was deficient in connection with her own potential Indian ancestry as to all three children and in connection with father Deandre as to D.D.  " ' "[W]e review the juvenile court's ICWA findings under the substantial evidence test . . . ." ' "  (*In re Josiah T.* (2021) 71

4

Cal.App.5th 388, 401, quoting *In re D.F.* (2020) 55 Cal.App.5th 558, 565.) We agree with the parties that the inquiry in this case did not pass muster.

For Mother, DCFS never attempted to inquire regarding potential Indian ancestry from any of her paternal relatives. And for the few maternal relatives DCFS interviewed, only one, the maternal grandmother, was asked about Native American heritage. This was an inadequate inquiry into Mother's paternal and maternal relatives, affecting all three children.

The ICWA inquiry into Deandre, D.D.'s presumed father, was similarly inadequate. The record discloses no ICWA inquiry for his aunt or any other relatives. This lack of inquiry is all the more concerning because D.D.'s adoption assessment stated the child has Blackfeet ancestry yet was not ICWA eligible. As DCFS concedes, this "unexplained and unattributed mention of Blackfeet ancestry for D.D. necessitates that DCFS inquire of D.D.'s relatives as to Blackfeet ancestry."

Thus, we conclude that the ICWA inquiry regarding Mother and father Deandre was inadequate and the juvenile court erred in finding there was no reason to know or believe the children were subject to ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally reversed. The matter is remanded to the juvenile court with directions to order DCFS to interview Mother's known and available extended family members regarding potential Indian ancestry and Deandre's known and available extended family members regarding potential Indian ancestry, specifically including any Blackfeet ancestry. After initial inquiry has been made, the juvenile court shall make ICWA findings at a noticed

5

hearing. If the court finds a proper and adequate inquiry and due diligence has been conducted and concludes that ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the orders terminating parental rights. If the court concludes ICWA applies, then it must proceed in conformity with ICWA and related California law. (25 U.S.C. § 1912, subd. (a); §§ 224.2, subd., (i)(1), 224.3, 224.4.)

UZCATEGUI, J.*

We Concur:

STRATTON, P. J.

VIRAMONTES, J.

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6